**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JESSE JAMES DELEBREAU,**

**Plaintiff,**

**v.** **Case No. 26-C-1532**

**KEWAUNEE COUNTY and**
**SHERIFF MATT JOSKI,**

**Defendants.**

---

## SCREENING ORDER

---

Plaintiff Jesse James Delebreau, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Delebreau's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Delebreau has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Delebreau has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $61.20. Delebreau's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Delebreau alleges that over the course of twenty years, from 2007 through 2025, the Kewaunee County Sheriff's Department conspired to harass him and his family. Delebreau describes the circumstances of an allegedly illegal traffic stop involving his father sometime between 2007 and 2009, which led to officers damaging his parents' home when they searched for Delebreau; allegedly illegal entries into his parents' home in 2017 or 2018, again to search for Delebreau; his own interactions with officers in 2020 or 2022, which led to his arrest; and damage to his parents' home that occurred after his father called the police because Delebreau was at the home in violation of a restraining order. According to Delebreau, these alleged violations show that "Kewaunee County Sheriff Matt Joski has created a de facto policy of ignoring a pattern of constitutional violations and, therefore, tacitly approved them." Dkt. No. 1 at 2.

## THE COURT'S ANALYSIS

The complaint is deficient in several ways and therefore must be dismissed. First, most of the alleged violations about which Delebreau complains are barred by Wisconsin's three-year statute of limitations. Although "a plaintiff need not anticipate or rebut a statute-of-limitations defense in his complaint . . . dismissal is appropriate if . . . the allegations in the complaint make the statute of limitations an impenetrable bar to recovery." *Sellers v. Milwaukee Cnty.*, No. 22-3151, 2025 WL 958258, at *1 (7th Cir. March 31, 2025). Under federal law, a claim accrues when a party knows or should have known that the defendant violated his constitutional rights. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). The limitations period for §1983 claims arising in Wisconsin prior to 2018 was six years, and the limitations period for actions arising in

or after 2018 is three years. *See* Wis. Stat. §893.54 (2018) (citing 2017 Wis. Act 235, which reduced the applicable statute of limitations from six years to three years). Accordingly, any claim accruing before September 8, 2023 (three years before Delebreau brought this action), is time-barred.

Next, the Court cannot reasonably infer that discrete acts by different officers many years apart from each other were part of a single campaign of harassment orchestrated or condoned by Sheriff Joski. As explained above, under Fed. R. Civ. P. 8, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Delebreau alleges no facts suggesting that Sheriff Joski even knows who he is, let alone that he directed, condoned, or turned a blind eye to an elaborate conspiracy over twenty years involving numerous unnamed officers targeting Delebreau and his parents. While "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678; *see Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011) (to plead a conspiracy claim, a plaintiff must allege facts plausibly suggesting an agreement among the defendants to achieve a common purpose of violating his rights).

Also, much of Delebreau's complaint, including the only claim that is not time-barred, concerns alleged searches of and damage to his parents' home. But Delebreau lacks standing to assert the legal rights of his parents. *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999). Putting aside the fact that, according to Delebreau, officers only ever entered his parents' home with their reluctant consent, he alleges damage to his *parents'* property. If his parents want to pursue claims based on these alleged violations, they must do so themselves.

Finally, the Court notes that nearly a year ago, Delebreau brought an action in connection with his August 2022 arrest. *See Delebreau v. Kewaunee Cnty. Sheriff's Dep't*, No. 25-cv-1335-bbc (E. D. Wis.). On November 18, 2025, Judge Byron Conway screened the amended complaint, which included a much more detailed account of this incident, and explained why the allegations fail to state a claim upon which relief can be granted. *See id.* (E. D. Wis. Nov. 18, 2025). The Court acknowledges that Delebreau feels as though he has been targeted and treated unfairly, but even if officers have not perfectly navigated every interaction with him and his parents, the Court cannot reasonably infer that his constitutional rights have been violated.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Delebreau has a good faith belief that he can cure the deficiencies identified in this decision, he may file an amended complaint by **December 16, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Delebreau's failure to state a claim in his original complaint. If Delebreau does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

## MOTION TO APPOINT COUNSEL

Delebreau also filed a motion to appoint counsel. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692,

696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

The Court will deny the motion because it does not appear that Delebreau has made reasonable efforts to locate a lawyer without the Court's help. The courts in this district typically require an indigent plaintiff to contact at least three lawyers before asking the Court to get involved. Delebreau must detail who he contacted, when he contacted him/her, and what information he communicated in an effort to obtain counsel. He should also provide copies of any responses that he receives. Because Delebreau has not provided this information, the Court will deny his motion.

Moreover, even if Delebreau had made reasonable efforts to locate an attorney, the Court would have denied his motion because he is capable of preparing an amended complaint, which is all that he must do at this stage of the case. Delebreau does not fail to state a claim because of technical or procedural errors that a lawyer would know to avoid; he fails to state a claim because the Court cannot reasonably infer from the detailed allegations in his complaint that his civil rights have been violated.

**IT IS THEREFORE ORDERED** that Delebreau's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that his motion to appoint counsel (Dkt No. 8) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **December 16, 2026**, Delebreau may file an amended complaint if he has a good faith belief that he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Delebreau a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Delebreau shall collect from his institution trust account the $288.80 balance of the filing fee by collecting monthly payments from Delebreau's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Delebreau is transferred to another institution, the transferring institution shall forward a copy of this Order along with Delebreau's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Delebreau is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Delebreau is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __16th__ day of November, 2026.

William C. Griesbach
United States District Judge